**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

ROBERT BENTLEY MARLOW

             Debtor

Case No.  11-34018

ROBERT BENTLEY MARLOW

             Plaintiff

v.

THE DEPARTMENT OF EDUCATION/
SALLIE MAE; THE UNITED STATES
DEPARTMENT OF EDUCATION;
SALLIE MAE, INC.; SALLIE MAE LSCF;
ZION FNB ELT NATIONAL EDUCATION;
USA FUNDS, INC.; US BANK ELT BHEA;
BONY MELTON ELT EDSOUTH;
EDFINANCIAL; FEDLOAN SERVICING;
THE UNIVERSITY OF TENNESSEE; THE
TENNESSEE STUDENT ASSISTANCE
CORPORATION; and DEPT. OF ED/AES PHEAA

             Defendants

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION

             Defendant/Intervenor

Adv. Proc. No.  11-3221

**MEMORANDUM ON PLAINTIFF'S
MOTION FOR NEW TRIAL OR, ALTERNATIVELY,
MOTION TO ALTER OR AMEND JUDGMENT**

APPEARANCES:    Robert Bentley Marlow
                          322 Douglas Avenue
                          Knoxville, Tennessee  37921-4813
                          Plaintiff, *Pro se*

    CHAMBLISS, BAHNER & STOPHEL, P.C.
      Bruce C. Bailey, Esq.
      Jeffrey W. Maddux, Esq.
      1000 Tallan Building
      Two Union Square
      Chattanooga, Tennessee  37402
      Attorneys for Defendant/Intervenor Educational Credit
      Management Corporation

    WILLIAM C. KILLIAN, ESQ.
    UNITED STATES ATTORNEY
      Suzanne H. Bauknight, Esq.
      800 Market Street
      Suite 211
      Knoxville, Tennessee  37902
      Attorneys for Defendant United States, on behalf of its agency,
      the United States Department of Education

    STONE & HINDS, P.C.
      Steven D. Lipsey, Esq.
      Matthew Todd Ridley, Esq.
      507 South Gay Street
      Suite 700
      Knoxville, Tennessee  37902
      Attorneys for Defendant Sallie Mae, Inc.

    THE UNIVERSITY OF TENNESSEE
      Curtis Ryan Stinett, Esq.
      Office of General Counsel
      719 Andy Holt Tower
      Knoxville, Tennessee  37996
      Attorneys for Defendant the University of Tennessee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Plaintiff/Debtor's Motion for New Trial Alternatively, Motion to Alter and Amend Judgment (Motion to Alter or Amend Judgment) filed by the Plaintiff on October 24, 2012, in which he asks the court to set aside and vacate the Judgment and accompanying Memorandum on Motion for Summary Judgment (Memorandum Opinion) filed on October 10, 2012, granting summary judgment in favor of the four remaining Defendants in this adversary proceeding, Educational Credit Management Corporation (ECMC), the United States of America, on behalf of its agency, the United States Department of Education, the University of Tennessee, and Sallie Mae, Inc., and holding that the Plaintiff had not proved that it would be an undue hardship for him to repay his student loan obligations owing these Defendants.  In the alternative, the Plaintiff asks the court to grant a new trial or make additional findings of fact and conclusions of law and thus alter or amend the Judgment to find that it would impose an undue hardship to repay his student loans. The Defendants filed the Defendants' Joint Response to Plaintiff/Debtor's Motion for New Trial Alternatively, Motion to Alter and Amend Judgment (Defendants' Response to Motion to Alter or Amend Judgment) on November 7, 2012.

Through the Complaint to Determine Dischargeability of Student Loan Debt filed on October 17, 2011, and the Amendment to Complaint to Determine Dischargeability of Student Loan Debt filed on November 7, 2011 (collectively, Complaint), the facts of which have been fully set forth in the Memorandum Opinion and will not be restated here, the Plaintiff sought a determination that it would impose an undue hardship upon him to repay student loans owed to the Defendants and that he was therefore entitled to a discharge of those student loans pursuant to 11 U.S.C. § 523(a)(8) (2006). On October 10, 2012, the court entered a Judgment granting summary judgment to the

3

Defendants, dismissing the Complaint, and finding that the Plaintiff's student loan obligations owed to the Defendants are nondischargeable under 11 U.S.C. § 523(a)(8).

## A

As the first basis for his Motion to Alter or Amend Judgment, the Plaintiff cites to Rule 9023 of the Federal Rules of Bankruptcy Procedure and Rule 59(a)(2) of the Federal Rules of Civil Procedure, which provides that "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." FED. R. CIV. P. 59; *see* FED. R. BANKR. P. 9023 (stating that Rule 59 applies in adversary proceedings and motions to alter or amend a judgment must be filed no later than 14 days after entry of the judgment.).[1] Because, however, the Judgment was not issued following a trial but upon summary judgment, the court will treat the Motion to Alter or Amend Judgment as more properly falling within the scope of Rule 59(e) of the Federal Rules of Civil Procedure, although it will also consider the Plaintiff's arguments under the guise of Rule 59(a)(2) as well.

Relief under Rule 59 "is an 'extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.'" *Hamerly v. Fifth Third Mortg. Co.* (*In re J&M Salupo Dev. Co.*), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *U.S. ex*

---

[1] In the Defendants' Response to Motion to Alter or Amend Judgment, the Defendants include a footnote stating that, "[a]s a threshold issue, the Motion is not timely under Rule 59(e), which requires a motion to alter or amend a judgment be filed 'no later than 10 days after entry of the judgment'" and cites to Rule 59(e) and an unpublished decision from this court entered in October 2008. The Defendants' reliance on references to the Rule as cited in that decision, however, is misplaced. The Federal Rules of Civil Procedure, as amended effective December 1, 2009, expanded the time under which a Rule 59(e) motion may be filed to 28 days, although that time is limited in adversary proceedings to 14 days by Rule 9023. *See* FED. R. CIV. P. 59; FED. R. BANKR. P. 9023.

4

*rel. Am. Textile Mfrs. Inst. Inc. v. Ltd., Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)). "There are no standards for [the] filing of such a motion set forth in Bankruptcy Rule 9023 or Civil Rule 59; however, the courts have established four grounds for a motion to alter or amend a judgment: (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) to correct clear legal error; and (4) to prevent manifest injustice." *In re Gress*, 435 B.R. 520, 522-23 (Bankr. S.D. Ohio 2010) (citing *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) and 12 MOORE'S FEDERAL PRACTICE ¶ 59.30[5][a] p.59-110 (3d ed. 2009)).

A motion under Rule 59 is not, however, "intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories[,]" and "[t]he burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *In re Nosker*, 267 B.R. 555, 564-65 (Bankr. S.D. Ohio 2001). Likewise, "[a] motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier[,]" *Golden v. U.S. Bank Nat'l Ass'n, ND*, 2012 WL 4426525, at *1, 2012 U.S. Dist. LEXIS 137249, at *2-3 (E.D. Mich. Sept. 25, 2012), and "[t]ypically a motion for reconsideration that simply restates the same arguments will be denied." *J & M Salupo Dev. Co.*, 388 B.R. 795 at 805 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)); *see also Carter v. Porter*, 2012 WL 298479, at *1, 2012 U.S. Dist. LEXIS 12185, at *4 (E.D. Ky. Feb. 1, 2012) ("Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence."); *Mathis v. United States (In re Mathis)*, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or

5

present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."); *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996) (stating that a Rule 59 motion may not be "viewed as a means for overcoming one's failure to litigate matters fully.").

"[I]n non-jury cases, new trials are typically ordered under Rule 59(a) only when there has been a manifest error of law or a mistake of fact." *Olson v. Anderson (In re Anderson)*, 357 B.R. 473, 475 (Bankr. W.D. Mich. 2006) (quoting *Crehan v. Ly (In re Ying Ly)*, 350 B.R. 757, 759-60 (Bankr. W.D. Mich. 2006) (internal citations omitted)). Manifest injustice is defined as "[a]n error in the trial court that is direct, obvious, and observable[.]" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 974 (7th ed. 1999)). "A showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Grayhawk, LLC v. Ind./Ky. Reg'l Council of Carpenters, Local Union No. 64*, 2011 WL 239827, at *2, 2011 U.S. Dist. LEXIS 6714, at *4 (W.D. Ky. Jan. 24, 2011) (quoting *United States v. Canal Barge Co*, 2009 WL 541267, at *2, 2009 U.S. Dist. LEXIS 17490, at *5 (W.D. Ky. Mar. 4, 2009) (citations and quotations omitted)).

In the Motion to Alter or Amend Judgment, the Plaintiff first states, and provides an Affidavit in support thereof, that he did not receive notice or service of the Defendants' Joint Reply Brief to Plaintiff's Brief in Opposition to Defendants' Joint Motion for Summary Judgment and the Response to Plaintiff's Statement of Additional Undisputed Facts in Opposition to Defendants' Joint

6

Motion for Summary Judgment (Response to Statement of Additional Undisputed Facts), both filed by the Defendants on September 7, 2012, nor did he receive notice or service of the Notice of Telephonic Attendance filed by the Defendant ECMC on September 10, 2012.[2] *See* MARLOW AFF. at ¶¶ 4-9.  Accordingly, the Plaintiff argues that because he did not receive these documents, primarily the Response to Statement of Additional Undisputed Facts upon which the court relied in making its determination, the conclusions reached in the Judgment and Memorandum Opinion were improper, and this lack of notice constitutes grounds to set it aside or grant a new trial or further proceedings.

Although every effort to obtain service of all documents should be made, in this particular instance, the fact that the Plaintiff may not have received the foregoing three documents did not and does not have any bearing on the outcome of the Motion for Summary Judgment.  The first document, the Defendants' Joint Reply Brief to Plaintiff's Brief in Opposition to Defendants' Joint Motion for Summary Judgment, was expressly not considered by the court.  As set forth in footnote 5 of the Memorandum Opinion, the court stated that the document "was not authorized by Rule 56, the Local Rules for the United States Bankruptcy Court for the Eastern District of Tennessee, or court order and will therefore not be considered in the court's decision on the Motion for Summary Judgment." MEM. OP. at 6 n.5.  Similarly, the third document cited by the Plaintiff, the Notice of Telephonic Attendance, was not in any way related to the Motion for Summary Judgment and is, in fact, nothing more than a notice informing the court that counsel for ECMC intended to appear

---

[2] All three of these documents contain a Certificate of Service signed by counsel for one of the Defendants certifying service of the respective documents on the Plaintiff by mail at his address, 322 Douglas Avenue, Knoxville, TN 37921-4813.  The only exception is that the Certificate of Service accompanying the Response to Plaintiff's Statement of Additional Undisputed Facts in Opposition to Defendants' Joint Motion for Summary Judgment omits the "322 " street number.

telephonically at the scheduling conference scheduled for September 20, 2012 – which was subsequently continued pursuant to an Order entered on September 18, 2012, pending resolution of the Motion for Summary Judgment – along with a telephone number where he could be reached.[3]

Of the three, only the second document cited by the Plaintiff, the Response to Statement of Additional Undisputed Facts, was considered by the court in making its decision on the Motion for Summary Judgment.  Nevertheless, this document was filed by the Defendants pursuant to E.D. Tenn. LBR 7056-1(c) in response to the Plaintiff/Debtors [sic] Statement of Additional Undisputed Facts in Opposition to Defendant's [sic] Joint Motion for Summary Judgment filed by the Plaintiff on August 24, 2012.  The Plaintiff was not authorized by the local rules or court order to file any reply or response to this document, which served to close the record for consideration by the court on the Motion for Summary Judgment.  Accordingly, for the purposes of the court's determination, the fact that the Plaintiff may not have received copies of these documents prior to entry of the Judgment and filing of the Memorandum Opinion on October 10, 2012, is inconsequential.

Next, the Plaintiff argues that his marketability for employment is in factual dispute and, because the issue is directly related to the severity and the nature of his hardship as well as the likelihood that the condition will exist for a significant portion of the repayment period, the court improperly granted summary judgment on that disputed material fact.  The Plaintiff does not, however, elaborate as to how he can support an argument that this fact remains in dispute.  After examining the record, the court rejected the Plaintiff's argument that he has sought to maximize his

---

[3] Additionally, chambers staff notified the Plaintiff by telephone on September 18, 2012, of the continuance and that he need not appear on September 20, 2012.

8

income and exhausted all efforts to gain employment. Instead, the court found that the Plaintiff's circumstances were borne out of his own actions and inactions, that his inability to currently obtain a law license in the State of Tennessee did not constitute the dire sort of circumstances required by the *Brunner/Oyler* test, and that instead of "seeking employment in other fields or even looking for employment in other locations, including those within a short driving distance from Knoxville, the Plaintiff [a healthy 31 year old man who does not suffer from any medical, physical, or mental disorders or disabilities, illnesses, substance abuse addictions, or medical or physical limitations preventing him from obtaining some sort of employment] has instead chosen to pursue lawsuits against the Board of Law Examiners and the Tennessee Supreme Court[.]" MEM. OP. at 26.

Furthermore, the record provided primarily by the Plaintiff, including stipulations concerning the current unemployment rates in the United States and in Tennessee as well as additional documentation attached to his Motion to Alter or Amend Judgment as Exhibit 4 consisting of two recent articles concerning the difficulties recent graduates are experiencing, serves only to buttress the court's determination and support a finding that the Plaintiff's hardship is the "garden variety financial hardship experienced by all debtors who file for bankruptcy relief." *Grant v. United States Dept. of Educ. (In re Grant)*, 398 B.R. 205, 212 (Bankr. N.D. Ohio 2008) (quoting *Storey v. Nat'l Enter. Sys. (In re Storey)*, 312 B.R. 867, 871-72 (Bankr. N.D. Ohio 2004)). While the information contained in these articles might otherwise support the Plaintiff's contention that his inability to find employment is beyond his control, notwithstanding the reasons expounded upon in the Memorandum Opinion rejecting his arguments that his own personal circumstances are beyond his control, the documentation offered by the Plaintiff likewise provides additional evidence that the Plaintiff's

9

circumstances are not "undue" or unlike those experienced by others who now face repayment of student loans in a recessive economy and a sluggish job market. Congress enacted § 523(a)(8) to make it more difficult for debtors to discharge student loans, and economic woes that affect the public at large do not fall within the scope of undue hardship contemplated by the statute.

Third, the Plaintiff avers that the court erred in stating that there were no documents in the record to support the Plaintiff's claim that he had made four payments, totaling $1,483.11, to Sallie Mae, Inc. when, in fact, the record included a printout provided by Sallie Mae, Inc. showing the number and amounts of the payments which was included in his Response to Statement of Undisputed Facts and argues that "this Court's failure to acknowledge that payment, despite evidence in the record to substantiate the claim, . . . evidences a disregard for the facts in the record by this Honorable Court, and therefore requires that the Judgment and Memorandum be set aside and vacated and that a new trial or further proceedings ensue." MOT. TO ALTER OR AMEND JUDG. at 3. The court acknowledges that a document entitled "Declining Balance Payment History" was attached to the Response to Statement of Undisputed Facts and does evidence that the Plaintiff made a total of four payments on his student loan to Sallie Mae, Inc.: (1) on January 14, 2011, in the amount of $250.00; (2) on February 10, 2011, in the amount of $250.11; (3) on March 1, 2011, in the amount of $485.36; and (4) on April 27, 2011, in the amount of $496.54. However, this printout was not specifically identified by name by the Plaintiff in his Response to Statement of Undisputed Facts; instead, the response to paragraph 31 of that document includes a footnote which reads "Exhibit 1 at page 1. (First Response by Defendant Sallie Mae, Inc.)." RESP. TO STAT. OF UNDISP. FACTS at

4 n.3. This footnote, which referenced a discovery pleading not included within the record rather than the title of the document itself – Declining Balance Payment History – was ambiguous.

Notwithstanding that the court did not locate this payment history buried within the voluminous record provided by the parties – which does not, as the Plaintiff alleges in his Motion to Alter or Amend Judgment, evidence "a disregard for the facts in the record" – the court's determination that the Plaintiff has not made a good faith attempt to repay his student loans did not turn on whether the Plaintiff made one additional payment on his loan with Sallie Mae, Inc. Instead, the court focused primarily on the fact that the Plaintiff has not sought to maximize his income but also relied on the balancing test in finding that the Plaintiff received a tangible benefit from his loans in the form of his degrees and that the timing of and reasons for his bankruptcy filing, as well as the overall percentage of his student loan debt compared to other unsecured debts, weighed against a finding that he had made a good faith effort to repay his loans. The fact remains that the Plaintiff made no payments on his student loan obligations to ECMC, the Department of Education, or the University of Tennessee, and for the purposes of determining a good faith effort to repay, it is immaterial whether he made four payments totaling $1,483.11 rather than three payments totaling $995.82 to Sallie Mae, Inc. in early 2011. Without more, the Plaintiff's minimal payments against student loan obligations totaling $247,877.93 do not equate to a good faith effort to repay his student loans as required under the *Brunner/Oyler* test. Moreover, because the court had already found that the Plaintiff did not satisfy either the first or second prong of the *Brunner/Oyler* test, it was not even necessary or required that the court address the third prong since the failure to satisfy all three prongs results in a finding that a debtor has not established an undue hardship.

The Plaintiff next argues that the adversary proceeding was not ripe for summary judgment because of the pendency of the following: (a) the time for petitioning the United States Supreme Court for a rehearing on its denial of his Writ for Certiorari had not, as of the time he filed the Motion to Alter or Amend Judgment, run but he intended to file such, and the Supreme Court has yet to make a ruling thereon; (b) the United States District Court for the Middle District of Tennessee has not yet ruled on the constitutionality of the policies and processes utilized by the Tennessee Board of Law Examiners, the Tennessee Supreme Court, the Tennessee Attorney General, and the Tennessee Lawyer Assistance Program with respect to the denial of the Plaintiff's application to practice law; and (c) the Tennessee Supreme Court has yet to rule on his Emergency Petition for Clarification of Petitioner's Ability to Re-Apply for a License to Practice Law which was filed on October 12, 2012. Notwithstanding the Plaintiff's assertion in his Motion to Alter or Amend Judgment, the court expressly stated in the Memorandum Opinion and once again reiterates here that the Plaintiff's inability to obtain a law license is directly connected to his actions and omissions with respect to his application, and it is "immaterial for the purposes of this adversary proceeding whether the Plaintiff's nondisclosure [of his arrest to the Board of Law Examiners] was based upon the advice of counsel or that he subsequently disclosed the arrest after the charges were dismissed" and it is "immaterial why the Board of Law Examiners denied the Plaintiff's application or that the public intoxication charges in September 2006 and in April 2010 were later dismissed." MEM. OP. at 30. In addition, a positive ruling by the Supreme Court, the District Court, or the Tennessee Supreme Court with respect to any of the foregoing could potentially result in the Plaintiff being awarded a license to practice law, in which case his arguments that he cannot pay his student loans

because it would be an undue hardship to do so would be mooted and produce the same result as the court's Judgment – that the student loan obligations owed to the Defendants are nondischargeable.

Finally, with respect to his Rule 59 arguments, the Plaintiff contends that the court improperly determined that his hardship would not continue for a significant portion of the repayment period and erred by not considering the Plaintiff's argument raised in the Plaintiff/Debtor's Brief in Opposition to Defendant's [sic] Joint Motion for Summary Judgment concerning the accumulation of interest and possible tax consequences should the Plaintiff enroll in an income-based or contingent repayment plan.  The Plaintiff correctly states that the court did not address the issue of tax consequences if he were to enroll in an income-based or contingent repayment plan; however, by that same token, the court did not consider his failure to do so in its determination that he had not made a good faith effort to repay his loans.  In fact, an income-based or contingent repayment plan is only mentioned once in the Memorandum Opinion, wherein the court cites to the Statement of Undisputed Facts and Response to Statement of Undisputed Facts that "it is undisputed that the Plaintiff did not apply for any of the income-based repayment programs available, citing as the reason his lack of income but also stating that were he to secure regular full-time employment, he would apply for an available program."  MEM. OP. at 34.  Because the court did not rely upon – or even mention as a factor – anything to do with an income-based or contingent repayment plan, the court did not err in failing to address the Plaintiff's arguments concerning the potential tax consequences thereof.

Likewise, the court did not specifically address that the Plaintiff's hardship would continue for a significant portion of the repayment period as set forth in the second prong of the

*Brunner/Oyler* test. Nevertheless, as previously stated, with respect to the second prong, the court held that the Plaintiff had not maximized his income and that his financial circumstances "are of his own making, are not out of his control, and have been exacerbated and prolonged by the Plaintiff's choice to pursue lawsuits against the Board of Law Examiners, the Tennessee Supreme Court, and the City of Knoxville to the exclusion of seeking employment." MEM. OP. at 33. Because the court found that the Plaintiff's circumstances were not out of his control – which is the gravamen of the analysis under that prong – it was not necessary to expound any further upon whether his circumstances would continue into the future, and the court correctly determined that the Plaintiff did not satisfy the second prong as a whole requiring him to prove the existence of additional circumstances to indicate that his state of affairs is likely to persist for a significant portion of the repayment period of the student loans.

B

In the alternative to granting a new trial or further proceeding under Rule 59(a)(2), the Plaintiff also seeks to alter or amend the Judgment pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(b) of the Federal Rules of Civil Procedure. Under Rule 52(b), on the motion of a party, "the court may amend its findings – or make additional findings – and may amend the judgment accordingly." FED. R. CIV. P. 52(b); *see* FED. R. BANKR. P. 7052 (stating that Rule 52 applies in adversary proceedings and motions to alter or amend a judgment under subsection (b) must be filed no later than 14 days after entry of the judgment.). Similar to Rule 59 motions, "Rule 52(b) motions do 'not allow a party to "relitigate old issues, to advance new theories, or to rehear the merits of a case."'" *Dayton Pulmonary Rehab. Ctr., Inc. v. Meridian Healthcare Grp.,*

14

*Inc.*, 2012 WL 3527814, at *1, 2012 U.S. Dist. LEXIS 114026, at *3 (S.D. Ohio Aug. 14, 2012) (quoting *Leasure v. AA Advantage Forwarders*, 2009 WL 1883907, at *1, 2009 U.S. Dist. LEXIS 55910, at *5 (W.D. Ky. June 30, 2009) (citing *Deibitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993)). "As a general rule a motion to amend the Court's findings of fact should be based on a 'manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.'" *In re Novak*, 223 B.R. 363, 371 (Bankr. M.D. Fla. 1997) (quoting *Ramos v. Boehringer Manheim Corp.*, 896 F. Supp. 1213, 1214 (S.D. Fla. 1994)). In addition to cases of manifest factual error, "recognized grounds for [Rule 52(b)] motions include 'manifest error of fact or law' by the trial court, 'newly discovered evidence,' or 'a change in the law.'" *Deibitz*, 834 F. Supp. at 302 (citations omitted).

In the Motion to Alter or Amend Judgment, the Plaintiff has asked the court to alter or amend the Judgment to reflect the issues raised and previously discussed concerning service of process of documents filed by the Defendants on September 7, 2012, to correct the number and dollar amount of the payments made to Sallie Mae, Inc., and to note that the Plaintiff intends to ask the Supreme Court for re-hearing on its denial of his Writ of Certiorari. The Plaintiff additionally requests that the Memorandum Opinion be amended to include a number of declarations concerning his pending litigation in the United States District Court for the Middle District of Tennessee, additional issues concerning documents and proceedings with the Tennessee Board of Law Examiners, and a statement made by the presidential candidates during their televised debates that greater than fifty percent of new college graduates are either unemployed or underemployed. Similarly, the Plaintiff requests that the court recite verbatim a number of responses to discovery requests and that it revise

a number of its findings of fact and conclusions of law, including a conclusion that the Plaintiff incurred his student loans while completing his four degrees when he incurred the loans at issue in pursuit of his Juris Doctorate and Master of Arts degrees, the finding that the Plaintiff had made only three payments rather than four to Sallie Mae, Inc., the finding that the Plaintiff had not applied for specific positions since February 2012, and the finding that the Plaintiff filed his bankrupcy case primarily to file this adversary proceeding and rid himself of his unsecured and student loan debt.

The Plaintiff also attempts to argue, for the first time, that he "has predominately limited his employment search to government jobs . . . because employment with the government makes available specific student loan forgiveness options[,]" MOT. TO ALTER OR AMEND JUDG. at 9, and that he "was unaware of the existence, much less the availability, of an adversarial [sic] proceeding until informed about such by the Trustee, Mr. Michael Fitzpatrick, at the creditor's meeting on 4 October 2011 when Mr. Fitzpatrick informed the Plaintiff/Debtor only [sic] that only his unsecured debts would be addressed by the Chapter Seven (7) filing, and then on 11 October 2012 [sic] when the Plaintiff/Debtor meet [sic] Mr. Fitzpatrick to provide social security number, Mr. Fitzpatrick provided the Plaintiff/Debtor with a copy of a Memorandum Opinion addressing student loan debt." MOT. TO ALTER OR AMEND JUDG. at 12; *see also* MARLOW AFF. at ¶ 10.

As an initial matter, the court will not amend its Memorandum Opinion to include any opinions held by the Plaintiff, the former presidential candidates, members of the news media, or any other individual with respect to the estimation of how many college graduates are without employment upon graduation. While the Plaintiff may have documentation such as news articles containing such information, there is no evidentiary basis under the Federal Rules of Evidence

requiring the court to take these figures as fact, and the court declines to take judicial notice of such unsubstantiated information. Furthermore, amending the Memorandum Opinion as to any or all of the foregoing declarations and/or statements would be futile as doing so does not change the outcome of the Judgment. Likewise, the court will not amend the Memorandum Opinion to include verbatim responses to discovery by the Plaintiff and/or any of the Defendants as requested by the Plaintiff because doing so would not change the outcome and is a waste of judicial resources, nor will the court amend the Memorandum Opinion with respect to any information or statements concerning the Plaintiff's pending lawsuits. Those issues were sufficiently discussed in the Memorandum Opinion, and there is no need for further elaboration, especially in light of the fact that the court has already held that, for the purposes of this adversary proceeding, the reason why the Plaintiff was denied a law license is immaterial.

With respect to the Plaintiff's averments in the Motion to Alter or Amend Judgment concerning the reason he has sought such limited employment from only a few employers, the court finds that this argument was available to the Plaintiff and could have – and should have – been raised by the Plaintiff in response to the Motion for Summary Judgment. It does not, therefore, constitute newly discovered evidence or material facts that would change the court's determination that it is not an undue hardship for the Plaintiff to repay his loans. As for the Plaintiff's averment that he was unaware he could file this adversary proceeding until so informed by his Chapter 7 Trustee, even assuming that the method for discharging his student loans may not have been known to the Plaintiff, he nevertheless filed his bankruptcy petition with the intention of discharging his student loans, which made up 86% of his unsecured debt, and it is disingenuous of him to now argue that he did

17

not file for bankruptcy in order to rid himself of the obligation to pay his student loans. His own statement in the Motion to Alter or Amend Judgment, citing to his brief filed in opposition to the Motion for Summary Judgment, that his "primary motivation for filing bankruptcy was 'because he could no longer make payments [on various unsecured debts and the payment to Sallie Mae, Inc.] and maintain a minimal standard of living[,]'" MOT. TO ALTER OR AMEND JUDG. at 11, further supports the court's ruling. Furthermore, even if the court had originally determined that the Plaintiff has satisfied the third prong of the *Brunner/Oyler* test and made a good faith attempt to repay his student loan obligations, the fact remains that he has not satisfied either of the first two prongs, and, as previously stated, the test requires all-or-nothing.

The Plaintiff also states in his Motion to Alter or Amend Judgment that the court falsely found that the Plaintiff incurred subsidized and unsubsidized federally funded student loans and private loans from the Defendants while completing all four of his degrees, arguing that he did not incur any student loans while completing his Bachelor of Arts in Philosophy or his Associate's Degree but that his student loans were incurred only when while obtaining his law and master's degrees. Therefore, he agues that any tangible benefit received from those first two degrees is immaterial. The Plaintiff is correct that the student loan obligations at issue were, in fact, incurred from 2005 through 2010, the times during which he was obtaining his law degree and master's degree. Nevertheless, the court's determination that the Plaintiff has received a tangible benefit from his loans in the form of his degrees is not altered simply because the court does not consider his previously obtained degrees in the analysis.

Finally, with respect to the Plaintiff's requests that the court amend the Memorandum Opinion to correct the number and dollar amount of payments made to Sallie Mae, Inc. as well as the court's statement that he has not sought any positions since February 2012, although the court had also referenced his application to the City of Knoxville for a position as a Municipal Court Administrator in August 2012, and the statement that the Plaintiff incurred his loans while obtaining all four of his degrees rather than the final two, the court will not issue a formal amended Memorandum Opinion. This memorandum opinion, however, will serve to correct those specific findings.

In summary, the Plaintiff has failed to show that there has been an intervening change in the controlling law, that newly discovered evidence exists, that the court committed a clear error of law in its October 10, 2012 Memorandum Opinion granting summary judgment to the Defendants that the student loan obligations owed by the Plaintiff to the Defendants are nondischargeable under 11 U.S.C. § 523(a)(8) and dismissing his adversary proceeding, and/or that it would be manifestly unjust not to vacate, alter, or amend the Judgment entered on October 10, 2012. Accordingly, the Plaintiff/Debtor's Motion for New Trial Alternatively, Motion to Alter and Amend Judgment filed by the Plaintiff on October 24, 2012, will be denied.

FILED: November 19, 2012

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE